UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YVETTE DUNGEY,

    Plaintiff,                                  CIVIL ACTION NO. 06-12461

  v.

                                          DISTRICT JUDGE PAUL V. GADOLA
                                          MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity to return to her past work as an order clerk.

\* \* \*

Plaintiff filed an application for Social Security disability insurance benefits on December 17, 2001, alleging that she had been disabled and unable to work since January 8, 2001, at age 36, due to severe left shoulder and right knee pain. Benefits were denied, initially and upon reconsideration, by the Social Security Administration (SSA). A requested de novo hearing was held on December 5, 2003, before Administrative Law Judge (ALJ) Douglas Jones. The ALJ subsequently found that the claimant was not entitled to disability benefits because she retained the ability to return to her past work as an order clerk. This job permitted the use of a cane when walking, and did not require any forceful or sustained gripping with her left hand. Plaintiff was further restricted from stair climbing, kneeling, crawling and overhead reaching. The order clerk job also did not expose her to

unprotected heights or hazardous machinery.  The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits.  The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 39 years old at the time of the administrative hearing (TR 348).  She had been graduated from high school and completed two years of college (TR 349).  The claimant had been employed by General Motors as a fork lift operator, parts handler, production line worker and order clerk during the relevant past (TR 354-355, 363-364). As an order clerk, Plaintiff entered factory order data into a computer, and then took the paperwork containing the orders downstairs to her manager's office (TR 355). Although she was a "fill-in" employee, she performed the order clerk job up to 50 percent of the time for three years.  She received three months of on the job training before being allowed to work as a data entry clerk (TR 365-366).

Claimant stopped working in January 2001, due to severe left shoulder pain[1] (TR 349, 352).  Despite undergoing arthroscopic surgery on her left shoulder (TR 193-195, 353), Plaintiff continued to experience pain and restricted joint movement (TR 192).  She also sought treatment for arthritic pain in her right knee (TR 353). Plaintiff testified that knee pain prevented her from standing or sitting for prolonged periods (TR 357, 359). The claimant also needed to use a cane, prescribed by her doctor, to help her walk (TR 359). Plaintiff stated that she required extra time to go up and down stairs (TR 360). She added

---

[1]Plaintiff was unable to work from January through September 6, 2001 due to shoulder pain (TR 200). After returning to work, she re-injured her left shoulder on September 19, 2001, while working as a truck driver (TR 201). At the time of the hearing, Plaintiff was receiving $1800.00 a month in extended disability benefits from General Motors (TR 351).

**2**

that she experienced pain whenever she bent over, squatted or did any pushing or pulling with her left arm (TR 360-361). Claimant explained that she needed to take frequent naps throughout the day to relieve fatigue allegedly caused by her pain medications (TR 356, 359).

A Vocational Expert, Melody Henry, classified Plaintiff's order clerk work as light, semi-skilled activity (TR 367).  The witness testified that there would be no jobs that claimant could perform if her testimony were found to be fully credible[2] (TR 374). If she were capable of sedentary work, she could return to her past relevant work as an order work, as the job is generally performed in the national economy (TR 369).

LAW JUDGE'S DETERMINATION

The Law Judge found that Plaintiff was impaired as a result of left shoulder, right knee and cervical spine pain as well as left carpal tunnel syndrome, but that these impairments were not severe enough to meet the Listing of Impairments. The ALJ recognized that the claimant needed a cane when walking.  The ALJ determined that she was unable to do much bending, twisting, turning, crawling, squatting or climbing, and that she could not perform any overhead reaching, pushing, pulling, gripping or grasping with her left hand.  Nevertheless, he found that the claimant retained the residual functional capacity to perform a significant number of unskilled[3] jobs, including her past work as an order clerk.

Plaintiff does not contest the ALJ's determination that her physical condition would not interfere with the ability to perform substantial gainful activity.  Her sole argument is that

---

[2] The witness explained that Plaintiff's alleged inability to remain on her feet for prolonged periods would preclude all types of gainful activity (TR 374).

[3] Unskilled work involves performing simple tasks, needing little judgment, that can be learned on the job in a short period of time.  20 C.F.R. § 404.1568(a), 416.968(a) (2006).

the Law Judge posed incomplete and inaccurate hypothetical questions to the Vocational Expert that did not accurately portray the functional limitations caused by her severe pain symptoms.

STANDARD FOR ESTABLISHING DISABILITY

The claimant has the burden of proving that she is disabled within the meaning of the Social Security Act. Tyra v. Secretary of Health and Human Services, 896 F.2d 1024, 1028 (6th Cir. 1990). Proof of an impairment alone is insufficient, and plaintiff must establish that the impairment precludes any substantial gainful activity for at least a consecutive twelve month period. 42 U.S.C.§ 423 §§ 423 (d)(1), 1382; 20 C.F.R. § 416.912 (2006). Throughout the evaluation process, the burden of proof remains on the claimant to show that she is not working, that she has a severe impairment or combination of impairments, and that the impairment prevents her from performing past relevant work. Bowen v. Yuckert, 482 U.S. 137, 146-47 (1987). "If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the [Commissioner]." Preslar v. Secretary of HHS, 14 F.3d. 1107, 1110 (6th Cir. 1994). "Step five requires the [Commissioner] to show that the claimant is able to do other work available in the national economy." Id.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v.

Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc); Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

DISCUSSION AND ANALYSIS

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a reduced range of sedentary work that included her past work as an order clerk. The medical evidence, as a whole, failed to provide objective support for Plaintiff's allegations of severe and totally disabling pain.

Contrary to Plaintiff's assertion, the Administrative Law Judge did not unreasonably reject her credibility concerning the severe nature of her joint pain. Even though the claimant testified that she could walk only a fourth of a block before needing to rest (TR 360), medical records from 2002 reveal that she was walking up to seven miles a day (TR 212, 214). Although, Plaintiff stated that she was unable to sit for longer than 15 minutes at a time, (TR 359), she was able to drive to Lansing to visit family and drive her daughter to school on a regular basis (TR 351-352). In any event, the ALJ did not completely

disregard Plaintiff's complaints of knee and shoulder pain. The ALJ found that she was limited to sedentary work permitting the use of a cane, and with no exposure to unprotected heights or dangerous machinery. In addition, he credited the complaints of curtailed left shoulder movement by restricting her from overhead reaching, pushing, pulling, gripping or grasping with her left arm and hand (TR 27). When evaluating Plaintiff's residual physical functional capacity, the Law Judge also took into consideration the opinion of a state agency consultant[4], who concluded that the claimant could perform a restricted range of light and sedentary work that accommodated her inability to climb ladders and reach overhead with her left hand (TR 260-262). Furthermore, there was no objective medical evidence suggesting that she suffered severe side effects from pain medications, or that she needed to lie down frequently throughout the day. Consequently, the Commissioner could reasonably conclude that Plaintiff's subjective complaints of persistent, severe, totally disabling symptoms stemming from her joint pain were not fully credible.

It is the rare case, the exception, in which every piece of evidence points incontrovertibly towards a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that her testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly. <u>Beavers v. Secretary</u>, 577 F.2d 383 (6th Cir. 1978). See also <u>Williamson v. Secretary</u>, 796 F.2d 146, 150 (6th Cir. 1986).

---

[4] Under the regulations, ALJs "must consider findings of State agency medical and psychological consultants," but ALJs "are not bound by any findings made by State agency medical or psychological consultants." 20 C.F.R. § 404.1527(f)(2)(I) (2006).

Once it is determined that an applicant can perform past relevant work, she is deemed not disabled and there is no need for the testimony of a vocational expert. Orick v. Sullivan, 966 F.2d 368, 372 (8th Cir. 1992). The Sixth Circuit has ruled that a claimant can be denied benefits if she remains capable of returning to her former type of work, even if she cannot return to the actual job held in the past. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The Vocational Expert here testified that Plaintiff could return to her past work as an order clerk, as the job is generally performed in the national economy[5] (TR 369).

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and

---

[5]The Administrative Law Judge's hypothetical questions to the Vocational Expert (VE) accurately described Plaintiff's moderate limitations caused by her joint pain and weakness. There was no medical evidence supporting Plaintiff's assertion that she needed a sit-stand option or was unable to use her left arm for gross arm manipulations. The Sixth Circuit has held that hypothetical questions to experts are not required to included lists of claimant's medical conditions. Webb v. Commissioner, 368 F.3d 629, 633 (6th Cir. 2004). Under these circumstances, the ALJ's hypothetical question accurately portrayed Plaintiff's impairment.

Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Donald A. Scheer  
DONALD A. SCHEER  
UNITED STATES MAGISTRATE JUDGE

DATED: November 20, 2006

_____

### CERTIFICATE OF SERVICE

I hereby certify on November 20, 2006 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on November 20, 2006. **None.**

s/Michael E. Lang  
Deputy Clerk to  
Magistrate Judge Donald A. Scheer  
(313) 234-5217